LUCAS v. MARQUETTE CITY & PRESQUE ISLE RAILWAY
CO.

STREET RAILWAYS—INJURY TO PASSENGER WHILE ALIGHTING—
NEGLIGENCE—QUESTION FOR. JURY.

The fact that a passenger on a street car fell therefrom at a
point 75 feet beyond the place where it had stopped to permit
him to alight does not conclusively show that he jumped
from the car, but, there being evidence that he had hold of
the rail with one hand, and stood with one foot on the lower
step, in the act of alighting, as the car started, and held on
for a while thereafter, the question was for the jury.

Error to Marquette; Stone, J. Submitted January 18,
1904. (Docket No. 107.) Decided March 23, 1904.

Case by William H. Lucas against the Marquette City
& Presque Isle Railway Company for personal injuries.
From a judgment for plaintiff, defendant brings error.
Affirmed.

Plaintiff took a street car over the defendant's road to
go to his place of work at a furnace. The car stopped at
the regular stopping place. Plaintiff sat in the center of the
car, and was the last to leave over the rear platform. He
had reached the platform, and, according to his own testi-
mony, stood with one foot on the lower step, ready to
alight, when the car started, and he was thrown to the
ground and injured. He fell from the car 75 feet from
the stopping place. The negligence alleged is the failure
to give the plaintiff reasonable time to alight from the car,
and the starting of the car before he had reasonable time,
in consequence of which he was thrown and injured.

Plaintiff testified:

"I was on the lower step with one foot, just as I
stepped off the platform, and the other was on the plat-
form. I was bringing the other foot forward, and held

on the rail with one hand, and at the same time my dinner pail in the other, when the car jumped. It hoisted right up. It took the senses all out of me. I didn't know any more until after I was picked up. * * * It started up when I was in the act of getting off; I was in the act of stepping off."

The court instructed the jury that, if the plaintiff was thrown from the car while in the act of alighting, the defendant was liable, but that it was his duty to get off within a reasonable time after the car had stopped; and if the car started before he had alighted, and he had not lost his balance and could remain upon the platform, it was his duty to do so until the car stopped again. The jury rendered a verdict for the plaintiff.

*Clark & Pearl*, for appellant.

*Button & Heffernan*, for appellee.

GRANT, J. (*after stating the facts*). There was evidence to sustain both theories. The fact that plaintiff fell 75 feet from the stopping place is not conclusive that he jumped from the car. There is evidence that he had hold of the rail with his left hand, and, with his dinner pail in his right, stood with one foot on the lower step, in the act of alighting, and that he held on for a while after the car started. The question was clearly one for the jury.

Judgment affirmed.

The other Justices concurred.